**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ELEAZAR MARTINEZ HERNANDEZ, AKA Jose Eleazar Hernandez Martinez,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 12-72818<br><br>Agency No. A070-859-681<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2014[**]

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

    Jose Eleazar Martinez Hernandez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

The agency found Martinez Hernandez not credible based on inconsistencies between his testimony and documentary evidence. Martinez Hernandez's contention that the IJ made a boilerplate credibility finding is not supported by the record. Any error in the IJ's application of pre-REAL ID Act caselaw to this post-REAL ID Act case was rendered harmless by the BIA's application of the correct legal standard. *See Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir. 1998). Martinez Hernandez does not otherwise challenge the agency's adverse credibility determination. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived). Thus, we deny the petition for review as to his asylum and withholding of removal claims.

Further, substantial evidence supports the agency's denial of Martinez Hernandez's CAT claim because he failed to show that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government

if returned to El Salvador.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.

2008).  Finally, the record does not support Martinez Hernandez's contention that

the agency applied an incorrect standard in its CAT analysis, or his contention that

the agency failed to consider the background evidence.

**PETITION FOR REVIEW DENIED.**